**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHEKEH TYKEEN JACKSON, | **HON. JEROME B. SIMANDLE** |
| Petitioner, | Civil No. 12-5537 (JBS) |
| v. |  |
| DONNA ZICKEFOOSE, | **OPINION** |
| Respondent. |  |

**APPEARANCES:**

   SHEKEH TYKEEN JACKSON, #50836-037
   FCI Fort Dix
   P.O. Box 2000
   Fort Dix, NJ  08640
   Petitioner Pro Se

**SIMANDLE, Chief Judge:**

   1.  On August 1, 2012, Shekeh Tykeen Jackson, Reg. No. 50836-037, an inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Maryland.  See Jackson v. United States, Civ. No. 12-2332 (DKC) (D.Md. filed Aug. 6, 2012).  By order entered September 5, 2012, Judge Deborah K. Chasanow transferred the action to this Court.

   2.  In the Petition, Jackson challenged the Warden's decision dated July 18, 2012, denying his administrative remedy requesting a six-month placement in a residential reentry center

("RRC"), beginning on November 1, 2012.  (Dkt. 1-1, 1-2.)  He asserts:

> Beginning on March 16, 2012, Petitioner has been asking FCI Fort Dix staff for a 6 to 12 month RRC Placement . . . .  However, the staff has only offered a 3 to 4 month RRC Placement which is insufficient.
>
> Petitioner's request for a lengthy RRC Placement is based on his exemplary prison programming, his need to re-unite with his children, and to secure a home and a job.

(Dkt. 1 at 8.)

    3. Petitioner further asserted in the Petition that on July 23, 2012, he appealed the Warden's decision to the Northeast Regional Director of the Bureau of Prisons ("BOP").  (Dkt. 1-1 at 1.)  On August 23, 2012, the Northeast Regional Director denied the appeal:

> You appeal the decision of the Warden at FCI Fort Dix and contend staff did not properly consider your request for Residential Reentry Center (RRC) placement.  You state you have completed the inmate skills development program, the DAP and numerous other programs.  You feel based on the totality of your circumstances, you should be considered for a more lengthy RRC placement.  You request reevaluation and six months RRC placement.
>
> Placement in an RRC is designed to provide transition for inmates reintegrating into society near the end of their sentences.  Pursuant to Program Statement 7310.04 . . , when evaluating an inmate or RRC placement, a number of factors are weighed in determining a recommendation for placement.  Determinations are based on the individual's needs, existing community resources, institutional adjustment, length of sentence, and the need to provide for the safety and security of the general public.  Inmates are also considered under the SCA which looks at the resources of the facility, nature and circumstances of the

> offense, history and characteristics of the inmate, statement of the court imposing the sentence and any pertinent policy statement by the U.S. Sentencing Commission.
>
> Records indicate you have a May 1, 2012, projected release date. Your Unit Team considered your individual situation, programming and transitional needs pursuant to the above criteria and recommended a 90 to 120-day RRC placement. As indicated by the Warden, this placement was determined to be sufficient to provide you the greatest likelihood of successful reintegration into the community. Staff are afforded broad discretion in reaching this decision and you present no evidence this discretion was abused. Accordingly, your appeal is denied.

(Dkt. 6 at 4.)

    4.  In response to the question on the form § 2241 Petition asking why the petitioner did not appeal to the BOP's Central Office, Petitioner stated:

> An appeal to the Office of General Counsel has not been filed because Petitioner awaits his response from the Regional Director. Considering time is short, continuing with Administrative remedies is futile.

(Dkt. 1 at 6.)[1]

    5.  On September 19, 2012, this Court dismissed the Petition for failure to exhaust the BOP's Administrative Remedy Program. (Dkt. 8.)

    6.  On October 2, 2012, Jackson filed a motion asking this Court to reconsider the Order dismissing his Petition for failure to exhaust administrative remedies. (Dkt. 9.) Jackson asserts

---

[1] The Regional Director responded to the appeal after Petitioner signed the Petition.

that this Court should have excused failure to exhaust as futile because the Warden denied his request for a six-month placement on July 18, 2012, and there would not have been enough time for him to have exhausted administrative remedies before the November 1, 2012, requested (six-month) placement date.

    7.  "The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A proper Rule 59(e) motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

    8.  Petitioner presents the same argument for excusing his failure to exhaust in this motion that he presented in the Petition, and he has not shown that exhaustion would be futile. See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (affirming District Court's dismissal of § 2241 petition challenging BOP's denial of longer RRC placement for failure to exhaust administrative remedies); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever required for any litigant raising

4

a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

    9.   This Court will deny the motion for reconsideration because Jackson has not shown a change of law, new evidence, or the need to correct manifest injustice.

    10.  An appropriate Order accompanies this Opinion.


                                      **s/ Jerome B. Simandle**
                                      **JEROME B. SIMANDLE**
                                      Chief Judge


Dated:    **October 17**, **2012**